NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13852

COMMONWEALTH  vs.  JOSE M. SHAW.


Plymouth.     February 4, 2026. - July 29, 2026.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges,
Dewar, & Wolohojian, JJ.


Firearms.  Evidence, Authentication, Court record, Prior
conviction.  District Court, Clerk-Magistrate.  Clerk of
Court.  Practice, Criminal, Prior conviction.



Indictments found and returned in the Superior Court
Department on January 13, 2023.

The cases were tried before William F. Sullivan, J.

After review by the Appeals Court, 105 Mass. App. Ct. 680
(2025), the Supreme Judicial Court granted leave to obtain
further appellate review.


Haylie Jacobson, Committee for Public Counsel Services, for
the defendant.
Arne Hantson, Assistant District Attorney, for the
Commonwealth.


BUDD, C.J.  This case asks us to determine whether a copy

of a District Court docket sheet, introduced at trial as

evidence of the defendant's prior conviction of a drug offense,

was properly authenticated where the requirements for self-authentication were not met.  For the reasons discussed infra, we conclude that the document was not properly authenticated.  However, we further conclude that the error did not create a substantial risk of a miscarriage of justice in the circumstances of this case.  We therefore affirm the defendant's conviction under G. L. c. 269, § 10G (a).

Factual and procedural background.  After a jury trial, the defendant, Jose Shaw, was convicted of four counts of firearm-related offenses:  carrying a firearm without a license, in violation of G. L. c. 269, § 10 (a); possession of ammunition without a firearm identification card, in violation of G. L. c. 269, § 10 (h); carrying a loaded firearm without a license, in violation of G. L. c. 269, § 10 (n); and discharge of a firearm within 500 feet of a dwelling, in violation of G. L. c. 269, § 12E.[1]  The defendant was also indicted with sentence enhancement charges under G. L. c. 269, § 10 (d),[2] and G. L.

---

[1] The defendant was also charged with negligent operation of a motor vehicle, in violation of G. L. c. 90, § 24 (2) (a).

[2] Pursuant to G. L. c. 269, § 10 (d), a defendant with a prior conviction of a firearm-related offense under G. L. c. 269, § 10 (a), (b), or (c), is subject to imprisonment in the State prison for not less than five years nor more than seven years.  A third subsequent offense results in imprisonment for not less than seven years nor more than ten years, and a fourth results in imprisonment for not less than ten years nor more than fifteen years.  The defendant was charged with unlawfully

c. 269, § 10G (b),[3] based on his prior criminal record.

Following a jury-waived trial on the sentence enhancement charges, the defendant was found guilty of G. L. c. 269, § 10 (d), based on a guilty plea to a firearm-related offense in 1997.[4]  He was also found guilty of G. L. c. 269, § 10G (a), a lesser included offense of § 10G (b),[5] based on a 2002 drug conviction.  The Commonwealth had sought to prove that drug conviction principally through a nine-page copy of the District Court docket labeled "Docket sheets 0115CR008785."  Each page of the copy bore an embossed seal of the District Court, and the first five pages bore what appears to be a stamped signature of the clerk-magistrate, but none of the pages contained a written certification that the copy was true, correct, or had been

---

carrying a firearm, second offense.

[3] Pursuant to G. L. c. 269, § 10G (b), a defendant who is convicted of a firearm offense under § 10 (a), (c), or (h), and has two prior convictions of either violent crimes or serious drug offenses shall be punished by a State prison sentence of no less than ten years, nor more than fifteen years.

[4] As the defendant could only be sentenced under one of the two enhancement statutes, see Commonwealth v. Richardson, 469 Mass. 248, 254 (2014), the judge's decision to sentence the defendant under § 10G (a) "effectively acted as a dismissal" of the § 10 (d) enhancement.  Commonwealth v. Boyd, 474 Mass. 99, 101 (2016).

[5] Pursuant to G. L. c. 269, § 10G (a), a defendant who is convicted of a firearm offense under § 10 (a) and has a prior conviction of a violent crime or a serious drug offense shall receive a State prison sentence of no less than three years nor more than fifteen years.

compared to the original. The Commonwealth also introduced testimony from a police officer concerning the 2002 drug case, but that testimony did not independently establish the conviction. The defendant was subsequently sentenced to from five to seven years in State prison as a result of the § 10G (a) sentence enhancement.[6] The Appeals Court affirmed the convictions. Commonwealth v. Shaw, 105 Mass. App. Ct. 680, 690 (2025).

We granted the defendant's application for further appellate review on the limited question whether the copy of the docket sheet was properly authenticated and, if not, whether its erroneous admission created a substantial risk of a miscarriage of justice.

Discussion. 1. Authentication. "It is axiomatic that documentary evidence must be authentic." United States v. Blanchard, 867 F.3d 1, 5 (2017), cert. denied, 585 U.S. 1023 (2018). Before being admitted at trial, documentary evidence must be properly authenticated based on "a foundation sufficient to support a finding that the item in question is what its

---

[6] The defendant was also sentenced to ninety days in a house of correction for discharge of a firearm within 500 feet of a dwelling (to be served concurrently with the State prison sentence), two years in a house of correction for negligent operation of a motor vehicle (also to be served concurrently with the State prison sentence), and two years of probation from and after the custodial sentences for carrying a loaded firearm without a license.

proponent claims it to be."  Commonwealth v. Siny Van Tran, 460

Mass. 535, 546 (2011), citing Mass. G. Evid. § 901(a) (2011).

Rule 40 (a) of the Massachusetts Rules of Criminal Procedure,

which outlines the requirements for authenticating official

records in criminal proceedings, states in relevant part that

"[a]n official record kept within the Commonwealth . . . may be

evidenced by an official publication thereof or by a copy

attested by the officer having legal custody of the record, or

by his deputy."  Mass. R. Crim. P. 40 (a) (1), 378 Mass. 917

(1979).

At issue is whether the copy of the docket sheet bearing

the embossed seal of the District Court and a stamped signature

on the relevant pages, but without any indication of

"attestation," meets the requirements for a self-authenticating

document under rule 40 (a).[7]  We have previously explained that

"[a]n 'attested' copy of a document is one which has been

examined and compared with the original, with a certificate or

---

[7] The defendant also invokes G. L. c. 233, § 76, which
provides that to be self-authenticating, copies of documents "in
any department of the commonwealth or of any city or town"
should be authenticated "by the attestation of the officer who
has charge" of the documents.  We do not need to decide whether
the District Court is a "department of the commonwealth" to
which the provision applies.  The requirement for attestation
under G. L. c. 233, § 76, is the same as that under rule
40 (a) (1); the document thus fails to meet the attestation
requirements of either.

memorandum of its correctness, signed by the persons who have examined it." Commonwealth v. Deramo, 436 Mass. 40, 47 (2002), quoting Black's Law Dictionary 127-128 (6th ed. 1990). Attestation by an official with custody of the official record provides assurance that "the copy submitted is accurate and genuine as compared to the original" (quotation and citation omitted). Deramo, supra. To "qualify as an 'attested' copy," therefore, "there must be a written and signed certification that [the record] is a correct copy" by the custodian (quotation and citation omitted). Id. In other words, an attestation certifies accuracy whereas a seal identifies the source of the document.

The docket introduced in evidence included no attestation that it was a correct copy. The seal of the District Court and the stamped signature -- assuming it belonged to the clerk -- at most signaled that the records came from the clerk, who is the "proper custodian of the records" of a particular court. Portland Maine Publ. Co. v. Eastern Tractors Co., 289 Mass. 13, 15 (1935). They are not a substitute for an attestation, which, as mentioned supra, indicates that a "comparison has been made between the copy and the original record" (citation omitted). Deramo, 436 Mass. at 48. Nothing in this court's precedent suggests otherwise. See, e.g., Commonwealth v. Rondoni, 333 Mass. 384, 385-386 (1955) (copy of conviction record properly

authenticated with typed signature of clerk and certificate of document as "a true copy of the judgment" on official stationery with court seal); Portland Maine Publ. Co., supra (copy of record with "seal of the court attached to [clerk's] certificate" admissible [citation omitted]); Willock v. Wilson, 178 Mass. 68, 74 (1901) (same).  See also Commonwealth v. Babcock, 100 Mass. App. Ct. 527, 531 (2021) (adequate attestation where each page was affixed with stamp "averring that it [was] 'A TRUE COPY ATTEST'" and clerk's stamped signature).[8]

2.  Prejudice.  Because the defendant did not object to the admission of the copy at the time of trial, we review that error for a substantial risk of a miscarriage of justice. Commonwealth v. Alphas, 430 Mass. 8, 13 (1999).  "An error creates a substantial risk of a miscarriage of justice unless [this court is] persuaded that it did not 'materially influence' the guilty [finding]" (citation and alteration omitted).  Id. In other words, this court is required to determine whether it has "a serious doubt whether the result of the trial might have been different had the error not been made" (quotation and

---

[8] The attestation requirement for self-authenticating copies of public records does not displace other methods of authentication by providing "evidence sufficient to support that the item is what the proponent claims it is." Mass. G. Evid. § 901(a) (2026).  Here, however, no such evidence was provided.

citation omitted).  Commonwealth v. Azar, 435 Mass. 675, 687 (2002), S.C., 444 Mass. 72 (2005).  In making this determination, we consider, among other things, "the strength of the Commonwealth's case against the defendant," "the nature of the error," and "whether the error is sufficiently significant in the context of the trial to make plausible an inference that the . . . result might have been otherwise but for the error" (citation, quotation, and alteration omitted).  Alphas, supra.

The admission of the unauthenticated document at issue here did not create a substantial risk of a miscarriage of justice. We acknowledge the force of the defendant's principal point that the docket was the Commonwealth's only evidence of the 2002 predicate drug conviction, which the officer's testimony concerning the arrest did not independently prove.  Had the docket been excluded and had the Commonwealth offered nothing else, the evidence would not have established the § 10G (a) predicate.  The issue, then, is whether this unpreserved authentication error, viewed in the full context of the trial, leaves us with serious doubt that the judge's finding would have been different had the error not been made.  It does not.

First, there was no suggestion at trial that the copy was inauthentic or inaccurate, nor does the defendant make that argument now.  Indeed, the document carried with it many indicia of reliability.  Its appearance was identical to that of a

District Court docket sheet with which a trial judge, the fact finder in this case, would be readily familiar. In addition, each page of the copy bore a seal of the District Court, and the first five pages -- including the page showing the sentence-enhancing drug conviction -- also bore what appeared to be the clerk-magistrate's signature. Notably, the defendant never claimed that he was not convicted of the crime that the document was introduced to prove. To the contrary, trial counsel referred to the docket sheet copy as evidence of the defendant's District Court conviction during the trial.

Further, the unobjected-to deficiency in authentication itself would not have materially influenced the fact finder; that is, the lack of attestation did not make it more likely that the judge would convict the defendant. And the defendant has made no showing that, had the defect been identified at trial, the Commonwealth could not have authenticated the copy through testimony or other evidence, or introduced a properly attested copy of the docket sheet. The record gives us no basis to think that such authentication would have been unavailable. Cf. Commonwealth v. Housen, 458 Mass. 702, 712-713 (2011) (counsel did not err by failing to object to admission of photographs not authenticated by medical examiner "absent a showing that no witness could have authenticated the

photographs").[9]  In sum, we do not seriously doubt "whether the result of the trial might have been different" absent the error in this case.  Azar, 435 Mass. at 687.

Conclusion.  The defendant's conviction under G. L. c. 269, § 10G (a), is affirmed.

So ordered.

---

[9] The defendant argues that the admission of the unattested-to copy of the docket sheet created a substantial risk of a miscarriage of justice because he could not have been found guilty of the G. L. c. 269, § 10G (a), enhancement without the document.  We disagree.  It is true that in determining whether an error created a substantial risk of a miscarriage of justice, appellate courts often assess the strength of the Commonwealth's case without considering the erroneously admitted evidence.  See Alphas, 430 Mass. at 13.  We do so, however, to ensure that inadmissible evidence does not "weigh against the defendant." Id. at 13 & n.6.  As explained supra, that is not an issue in this case, where the evidence would have been admissible but for an error that the Commonwealth readily could have fixed had it been raised at trial.  The strength of the case without the improperly admitted evidence is therefore not determinative here.  Cf. Commonwealth v. Foley, 445 Mass. 1001, 1002-1003 (2005), cert. denied, 548 U.S. 927 (2006) (inadmissible testimonial evidence in violation of confrontation clause created substantial risk of miscarriage of justice because "nothing [else] in the record support[ed] allegations").